UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------X

UNITED STATES OF AMERICA,

            - against -

PAUL M. DAUGERDAS, et al.,

               Defendants.

---------------------------------------------------------------X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 2/16/11

S3 09 Cr. 581 (WHP)

ORDER

WILLIAM H. PAULEY III, United States District Judge:

At the February 9, 2011 conference (the "February Conference"), this Court ruled

on various motions in limine filed by the parties. At that time, this Court reserved on other

motions in limine to consider the arguments raised by the parties. This Court now rules on

Defendants' First, Third, Seventh, Ninth, Thirteenth and Fourteenth motions in limine and the

Government's motion in limine with respect to Ken Brown as set forth below. This Court

reserves decision on any motions not previously decided at the February Conference, or

addressed in this Order.[1]

I. Defendants' First Motion in Limine

Defendants move for an order directing the Government to disclose, prior to trial,

co-conspirator statements it intends to offer. Defendants seek relief pursuant to this Court's

authority to manage trial proceedings, and not as matter of pretrial discovery under Rule 16. See

Fed. R. Crim. Pro. 2; Fed. R. Evid. 102. While this Circuit permits the Government to offer co-

conspirator statements subject to connection based on evidence adduced later, see United States

---

[1] The in limine motions on which this Court reserves decision are: Defendants' Second
(evidence of civil cases), Fourth (reference to the demise of Jenkins & Gilchrist), and Eighth
(expert) motions in limine, portions of Defendants' Sixth (bad acts), Tenth (joint defense
privilege), and Thirteenth (as to GX 500-2) motions in limine, and the Government's motion in
limine regarding failure to assess civil fraud penalties as affecting witness bias.

1

v. Geaney, 417 F.2d 1116, 1120 (2d Cir. 1960), the Supreme Court requires a trial judge to be satisfied "that there was a conspiracy involving the declarant and the nonoffering party, and that the statement was made during the course of and in furtherance of the conspiracy" prior to admission. Bourjaily v. United States, 483 U.S. 171, 175 (1987). To avoid delays in a lengthy and complicated trial, the Government is directed to provide Defendants with notice of the statement of any unindicted co-conspirator it intends to offer subject to connection three days before the statement will be adduced from a Government witness.

## II.  Defendants' Third Motion in Limine

Defendants move to exclude Government Exhibit ("GX") 201-182, a March 5, 2001 Forbes magazine article titled "How to Cheat on your Taxes." This Court has reviewed the article and concludes it is hearsay. Moreover, its probative value is minimal and it has the potential to unfairly prejudice Defendants. Accordingly, GX 201-182 is excluded under Fed. R. Evid. 403.

## III.  Defendants' Seventh Motion in Limine

Defendants' motion to exclude the testimony of Bruce Meckler is denied. Meckler was a tax shelter client and will be permitted to testify in that capacity. However, Meckler is also an attorney who represented Defendant Paul Daugerdas. The Government has represented that it will not elicit testimony concerning Meckler's representation of Daugerdas and it is cautioned not to do so.

IV.   Defendants' Ninth Motion In Limine

   Defendants move to exclude forty-two exhibits relating to the Market Linked Deposit ("MLD") transaction, asserting that it (i) was not included in the Government's Rule 404(b) disclosure and (ii) is likely to confuse the jury and spawn a mini-trial.  The Government seeks to introduce only four exhibits related to the MLD transaction:  GX 400-80, GX 400-81, GX 400-230, and GX 400-232.

   Fed. R. Evid. 404(b) requires the Government to provide Defendants with "reasonable notice" of any extrinsic "acts" evidence it intends to offer at trial.  While Defendants requested Rule 404(b) disclosure on February 5, 2010, the Government did not disclose its intent to offer evidence on the MLD transaction until it produced its exhibit list on January 17, 2011.  This Court has cautioned the Government repeatedly about the need to cabin its proof and provide advance disclosure of the transactions to be offered at trial.  Given the magnitude of this case, Defendants cannot adequately prepare to rebut evidence related to the MLD transaction with approximately one month remaining before trial.  See Fed. R. Evid. 404(b) advisory committee's note, 1991 Amendment ("The amendment to Rule 404(b) adds a pretrial notice requirement in criminal cases and is intended to reduce surprise and promote early resolution on the issue of admissibility.").  Accordingly, the Government is precluded from introducing any evidence relating to the MLD transaction.

V.   Defendants' Thirteenth Motion in Limine

   Defendants' motion to exclude GX 201-32, GX 201-35, GX 201-37, GX 201-38, and GX 201-216 is moot because the Government agrees not to introduce those exhibits at trial.

   Defendants' motion to exclude GX 500-1, GX 500-3, GX 500-4, GX 200-127 and

GX 200-128 is granted. These exhibits concern the COBRA tax shelter and a separate uncharged conspiracy, neither of which are mentioned in the Indictment. Their probative value is outweighed by the "risk[ of] confusion of the issues and undue delay in a trial that promises to be complex and lengthy . . . ." United States v. Stein, 521 F. Supp. 2d 266, 270 (S.D.N.Y. 2007).

This Court reserves decision as to GX 500-2. The Government is directed to notify the Court and Defendants of its intent to introduce that exhibit at least one day prior to offering it.

VI.  Defendants' Fourteenth Motion In Limine

Defendants' motion to exclude GX 301-44 is moot because the Government agrees not to use it at trial. Defendants argue further that any evidence of the IRS's summons enforcement proceedings against BDO (the "IRS Proceedings") is irrelevant to the issues at trial. According to the Government, BDO obstructed the IRS Proceedings in order to impede the IRS's discovery of the fraudulent nature of the tax shelters charged in the Indictment. Those proceedings are therefore "inextricably intertwined" with the alleged conspiracy, and Rule 404(b) does not apply. United States v. Carboni, 204 F.3d 39, 44 (2d Cir. 2000). The Government will be permitted to elicit testimony regarding the BDO summons enforcement proceedings, but this Court may limit that testimony to avoid a mini-trial.

VII.  Government's Motion in Limine—Ken Brown

At the February Conference, the Government requested that testimony relating to Brown's alcohol and substance abuse be addressed in a voir dire outside the presence of the jury.

Due to the potentially prejudicial nature of this evidence, the Government's request is granted.

The Government shall advise the Court when it proposes to call Brown as a witness.

Dated: February 16, 2011
      New York, New York

SO ORDERED:

WILLIAM H. PAULEY III
U.S.D.J.

*All Counsel of Record*