UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 1/3/13
```

UNITED STATES OF AMERICA,                              S3 09 Cr. 581 (WHP)

       - against -                                        MEMORANDUM & ORDER

PAUL M. DAUGERDAS, et al.,

           Defendants.

-------------------------------------------------------------X

WILLIAM H. PAULEY III, District Judge:

        Defendant David Parse ("Parse") moves pursuant to Federal Rule of Criminal

Procedure 33(a) for a new trial based on ineffective assistance of counsel. Parse argues that his

lawyers' conduct in failing to disclose information they possessed about Catherine Conrad, Juror

No. 1, constituted ineffective assistance of counsel. For the following reasons, Parse's motion

for a new trial is denied.

## BACKGROUND

        At the conclusion of a three-month trial, a jury convicted Parse of one count of

corruptly obstructing and impeding the due administration of the Internal Revenue Laws in

violation of 26 U.S.C. § 7212(a) and one count of mail fraud in violation of 18 U.S.C. §§ 1341

and 2 and acquitted him of other charges. See United States v. Daugerdas, 867 F. Supp. 2d 445,

451 (S.D.N.Y. 2012). Three co-defendants—Paul Daugerdas, Donna Guerin, and Denis Field—

were convicted of similar or more serious crimes. Defendants moved for a new trial based on

juror misconduct. Following an evidentiary hearing, this Court granted Parse's co-defendants'

motion but denied a new trial to Parse because his counsels' conduct waived his right to an

impartial jury.

"Like all constitutional rights, the right to challenge the partiality of a jury verdict based on a juror's alleged misconduct during voir dire may be waived." Daugerdas, 867 F. Supp. 2d at 476. "Any other rule would allow defendants to sandbag the court by remaining silent and gambling on a favorable verdict, knowing that if the verdict went against them, they could always obtain a new trial by later raising the issue of juror misconduct." United States v. Costa, 890 F.2d 480, 482 (1st Cir. 1989). In the wake of this Court's Memorandum and Order granting a new trial for his co-defendants and denying a new trial for Parse, Parse now argues that his lawyers' actions were inept, not strategic.

## DISCUSSION

"[The assistance of counsel] is one of the safeguards of the Sixth Amendment deemed necessary to insure fundamental human rights of life and liberty. . . . The Sixth Amendment stands as a constant admonition that if the constitutional safeguards it provides be lost, justice will not still be done." Johnson v. Zerbst, 304 U.S. 458, 462 (1938) (internal quotation omitted). Access to counsel's skill and knowledge is necessary to afford defendants "ample opportunity" to meet the prosecution's case. Adams v. United States ex rel. McCann, 317 U.S. 269, 275 (1942). But mere access to an attorney is not sufficient. "An accused is entitled to be assisted by an attorney . . . who plays the role necessary to ensure that the trial is fair." Strickland v. Washington, 466 U.S. 668, 685 (1984). Thus, the Sixth Amendment right to counsel is "the right to the effective assistance of counsel." McMann v. Richardson, 397 U.S. 759, 771 n.14 (1970).

The Due Process Clause guarantees a fair trial and "[t]he benchmark for judging any claim of ineffectiveness must be whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." Strickland, 466 U.S. at 686. To prevail on an ineffective assistance claim, a defendant must show that his counsel's performance fell below an objective standard of reasonableness and that, but for the deficiency, the outcome would have likely been different. See Strickland, 466 U.S. at 688, 694.

I. Effective Assistance of Counsel

The first Strickland prong is satisfied if a defendant shows that his attorney "made errors so serious that [he] was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." Strickland, 466 U.S. at 687. A reviewing court "indulge[s] a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance" and a defendant "must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy." Strickland, 466 U.S. at 689 (internal citation omitted). However, counsel's conduct may be deficient if it "cannot be explained convincingly as resulting from a sound trial strategy, but instead arose from oversight, carelessness, ineptitude, or laziness." Eze v. Senkowski, 321 F.3d 110, 112 (2d Cir. 2003).

Counsel provides effective assistance by investigating the prosecution's case and exploring defense strategies. See United States v. Caracappa, 614 F.3d 30, 40 (2d Cir. 2010). Strategic decisions based on a thorough investigation of the relevant law and facts are "virtually unchallengeable" and even decisions grounded on an incomplete investigation are countenanced if "reasonable professional judgments support the limitations on investigation." Strickland, 466

-3-

U.S. at 690-91; see Rompilla v. Beard, 545 U.S. 374, 383 (2005) ("[R]easonably diligent counsel may draw a line when they have good reason to think further investigation would be a waste.").

Parse spared no expense in defending this case and his trial team at Brune & Richard left no stone unturned. Indeed, Parse acknowledges that—absent the decision by his attorneys not to disclose what they knew about Juror No. 1 to the Court—his counsel was effective. (Oct. 12, 2012 Tr. at 10: Paul Shechtman: "If you asked me was [Parse's counsel's representation] constitutionally adequate, you bet. It was [a] very solid defense by a group of very good lawyers.")

"[P]rior to voir dire, Parse's attorneys knew that (1) Juror No.1 lived in Bronxville, was a plaintiff in a pending personal injury lawsuit, and had a father who was an immigration officer; and (2) a woman with the identical name of 'Catherine M. Conrad' was a suspended New York attorney with an alcohol dependency." Daugerdas, 867 F. Supp. 2d at 466. Rather than share that information with the Court, they waited to hear Conrad's answers on voir dire—and then remained mute.

"Before jury deliberations began, Parse's attorneys knew that (1) Juror No. 1 had submitted a note to the Court referencing several legal concepts not mentioned during the trial; (2) the suspended New York attorney by the name of Catherine M. Conrad used a Bronxville address, the same small village given for Juror No. 1 on the jury roll, and (3) that living in the same household was a Robert J. Conrad, whom Trzaskoma believed to be Conrad's father, the immigration judge. And Trzaskoma had concluded that the Catherine M. Conrad in the Westlaw Report was the same person as Juror No. 1." Dauguerdas, 867 F. Supp. 2d at 466. The Brune &

-4-

Richard attorneys deliberated among themselves as these developments unfolded and again decided not to advise the Court.

As this Court previously determined, Parse's lawyers "believed that Juror No. 1 was the suspended New York attorney named Catherine M. Conrad." Daugerdas, 867 F. Supp. 2d at 481. Despite "actionable intelligence that Conrad was an imposter"—"Jesus, I do think that it's her"—they did not investigate further or inform the Court. Daugerdas, 867 F. Supp. 2d at 464, 480. Their silence cannot be attributed to "oversight, carelessness, ineptitude, or laziness." Eze, 321 F.3d at 112. It was conscious avoidance. See Daugerdas, 867 F. Supp. 2d at 476.

Parse's attorneys doubled down on their strategic decision when they filed a misleading motion for a new trial. Although cognizant of the waiver issue, their motion did not disclose what they knew and when they knew it. And Susan Brune's post-hoc rationalization— "I certainly didn't mean to suggest by our opening brief that we had no information about Ms. Conrad. We had the information that I've laid out but at no point did we know that she was perpetrating a fraud on this Court . . ."—is not persuasive. Daugerdas, 867 F. Supp. 2d at 462.

Brune & Richard's serial disclosures led this Court to conclude that Brune & Richard sought to prevent discovery of the strategic decision they made to keep an imposter on the jury. This decision—to gamble on a jury that included Juror No. 1 and hide that knowledge from the Court—does not constitute ineffective assistance of counsel. See Chappee v. Vose, 843 F.2d 25, 33 (1st Cir. 1998) ("That counsel's selection of a stratagem turns out to have been stupid does not render the game plan 'unreasonable' as a matter of law.").

And Brune & Richard's failure to disclose does not constitute a per se violation of

-5-

Parse's right to counsel. The Supreme Court recognizes per se violations when there is "[a]ctual or constructive denial of the assistance of counsel" or "state interference with counsel's assistance." Strickland, 466 U.S. at 692. Moreover, the Second Circuit has extended the per se rule only to cases where defense counsel was unlicensed or when he engaged in the defendant's crime. See Tippins v. Walker, 77 F.3d 682, 686 (2d Cir. 1996) (finding inherent prejudice when counsel is unconscious or sleeping at critical stages of the trial is akin to having no counsel at all and collecting cases). Per se violations do not extend to all unethical or inappropriate conduct. See Winkler v. Keane, 7 F.3d 304, 308 (2d Cir. 1993) (declining to apply the per se rule to the highly unethical actions of counsel in accepting a contingency fee agreement in a criminal case); Caballero v. Keane, 42 F.3d 738, 740 (2d Cir. 1994) (finding that an attorney's drug use alone does not establish ineffectiveness); cf. United States v. Turrietta, --- F.3d ----, 2012 WL 3711871, at *11 (10th Cir. 2012) (denying ineffective assistance of counsel claim where defense counsel deliberately—and unethically—did not alert court of its failure to swear jury).

A defendant may waive his right to challenge the partiality of a jury verdict based on juror misconduct. In McDonough Power Equip., Inc. v. Greenwood, 464 U.S. 548, 551 n.2 (1984), the Supreme Court noted,

> It is not clear from the opinion of the Court of Appeals whether the information stated in Greenwood's affidavit [about the juror] was known to respondents or their counsel at the time of the voir dire examination. If it were, of course, respondents would be barred from later challenging the composition of the jury when they had chosen not to interrogate [the] juror . . . further upon receiving an answer which they thought to be factually incorrect.

Parse's claim of ineffective assistance would vitiate the rationale undergirding McDonough—a result this Court will not countenance.

-6-

## II. Prejudice

The second Strickland prong requires Parse to show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, 466 U.S. at 694. While this Court need not address the second Strickland prong—having determined that Parse's counsel was effective—it does so only to note that Parse could not establish prejudice. See Strickland, 466 U.S. at 697. Similar to the prejudice requirement under Strickland, "[f]or a [court] to grant a Rule 33 motion, [it] must harbor 'a real concern that an innocent person may have been convicted.'" United States v. Guang, 511 F.3d 110, 119-20 (2d Cir. 2007) (quoting United States v. Parkes, 497 F.3d 220, 232 (2d Cir. 2007) (internal quotation omitted)). Because the evidence of Parse's guilt was overwhelming, this Court harbors no such concern.

The scheme to defraud the IRS spanned more than a decade, employed complex financial transactions and sophisticated means, and resulted in the loss of billions of dollars in federal tax revenue. Parse was directly involved in the fraudulent backdating of tax shelter transactions. For example, Parse backdated the purchase of Canadian dollars to replace actual purchases and sales of shares of Cisco Systems, Inc. This allowed Parse's co-conspirators to achieve their corrupt goal—the filing of fraudulent tax returns. In short, Parse would have been convicted even if his counsel behaved unimpeachably, and he therefore fails to establish that he suffered prejudice.

## CONCLUSION

For the foregoing reasons, Defendant David Parse's motion for a new trial based

on ineffective assistance of counsel is denied.  The Clerk of Court is directed to terminate the

motion pending at ECF No. 542.

Dated:     January 3, 2013
           New York, New York

SO ORDERED:

WILLIAM H. PAULEY III
U.S.D.J.

*All Counsel of record.*