

**ZUCKERMAN SPAEDER** LLP

1185 AVENUE OF THE AMERICAS   31ST FLOOR
NEW YORK, NY  10036-2603
212.704.9600   212.704.4256 fax   www.zuckerman.com

PAUL SHECHTMAN
Partner
212-704-9600
Pshechtman@zuckerman.com

VIA ECF & BY HAND

March 20, 2013

The Honorable William H. Pauley, III
United States District Judge
Southern District of New York
500 Pearl Street, Room 2210
New York, NY 10007

Re:   United States v. David Parse, et al., 09 Cr. 581 (WHP)

Dear Judge Pauley:

The government has submitted a letter to you arguing that David Parse's conviction on the IRS Obstruction charge demonstrates that the jury convicted him of "the full panoply of criminal tax fraud conduct." Govt. Reply Letter 3/20/13. To buttress that argument, it claims that "[a]ll of the backdating events concerning the Coleman/Blair, Toporek, and Aronoff backdating . . . took place before [February 3, 2003]," and therefore that a conviction on the obstruction count could not be limited to backdating conduct. Notably, however, at trial, the government argued that "the falsity or the fraud in [Mr. Toporek's 2002 return] [was] based on the backdating of the results of the [April 2002] transaction." (Tr. 8314). That return was filed in December 2003, which is within the limitations period. A party is permitted to switch courses, but this is a bit much.

In addition, the Court's charge on the statute of limitations was that "the defendant you are considering or someone involved in the offense . . . committed an act of obstruction on or after [the limitation date]." (Tr. 8907)(emphasis added). Thus, the jury could have concluded that Mr. Parse's conduct was limited to backdating but that Mr. Daugerdas' or Ms. Guerin's broader conduct (or that of anyone else involved in the offense) brought the crime within the limitations period. The defense objected to the instruction, but the Court gave it, and presumably it was followed.



The Honorable William H. Pauley, III
March 20, 2013
Page 2

       In short, the government struggles mightily to avoid what we believe is obvious -- that Mr. Parse was convicted of backdating only.

                                        Respectfully submitted,

                                        Paul Shechtman

PS/wr

cc:    AUSA Stanley J. Okula, Jr. (via email)
        AUSA Nanette Davis (via email)