UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| -against- | : | 09 Cr. 581 (WHP) |
| PAUL M. DAUGERDAS, et. al., | : | <u>OPINION & ORDER</u> |
| Defendants. | : | |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X
:
ELEANOR DAUGERDAS,
:
Petitioner.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

WILLIAM H. PAULEY III, United States District Judge:

        The Government moves to dismiss the third-party petition of Eleanor Daugerdas ("Petitioner"),[1] asserting an interest in a series of assets preliminarily forfeited in this criminal action. A jury in this district convicted Petitioner's husband, Paul M. Daugerdas, of conspiracy to defraud the United States and various other crimes relating to a vast fraudulent tax-shelter scheme. On June 25, 2014, this Court entered a Preliminary Order of Forfeiture in the amount of $164,737,500, representing the proceeds of Paul Daugerdas's fraudulent activities. (See Preliminary Order of Forfeiture ("Forfeiture Order"), ECF No. 836 at 7.). Petitioner claims to have an interest superior to that of the Government in a series of assets transferred to her from Defendant Paul Daugerdas, including twelve investment accounts (the "Subject Accounts").

---

[1] Petitioner moves separately for permission to file an Amended Verified Petition, which would add PMD Investments LLC as a petitioner and clarify that Eleanor Daugerdas is the Trustee of the trusts that hold two of the Subject Accounts. (See Motion to Amend/Correct Petition, ECF No. 870.) The Government does not oppose this motion. The motion is granted. For the sake of clarity, however, this Court will continue to refer to Eleanor Daugerdas as "Petitioner" in this Opinion & Order.

1

Eleanor Daugerdas brings this petition under 21 U.S.C. § 853(n) and Federal Rule of Criminal Procedure 32.2(c). She requests that this Court determine her interest in the Subject Accounts and amend the Forfeiture Order to exclude all property in which she has right, title, and interest. (See Verified Petition of Eleanor Daugerdas ("Petition"), ECF No. 853 at 1.) For the following reasons, the Government's motion is granted and the Petition is dismissed.

BACKGROUND

The sixth Superseding Indictment charged Paul Daugerdas with running a tax-shelter fraud scheme from approximately 1994 to 2004, resulting in at least $180 million in illegal proceeds. (See S6 Indictment, ECF No. 644.) Following Daugerdas's conviction, this Court ordered forfeiture to the Government of the property held in the Subject Accounts. (See Forfeiture Order at 3–6.)

Petitioner alleges that she obtained an ownership interest in the property held in the Subject Accounts between February 2000 and July 2009. Eight of the Subject Accounts are held in the name of PMD Investments LLC, a corporation which Petitioner owns by virtue of an assignment from her husband on December 31, 2002. (See Petition at 3.) The remaining four Subject Accounts are held in Petitioner's own name or in the name of the Eleanor Spina Daugerdas Trust. (See Petition at 2–3.)

Between February 2000 and July 2009, deposits totaling at least $32 million in cash and securities were made to the Subject Accounts. (See Petition at 3–7.) Petitioner alleges that her ownership interest in the PMD Investments accounts, which she acquired on December 31, 2002, is superior to the Government's interest in those accounts. In addition, Petitioner alleges that her ownership interest in the other accounts is superior to the Government's with respect to deposits received between February 2000 and July 2009.

LEGAL STANDARD

Under 21 U.S.C. § 853(n), any third party "asserting a legal interest in property which has been ordered forfeited to the United States" may "petition the court for a hearing to adjudicate the validity of his alleged interest in the property."  21 U.S.C. § 853(n)(2).  Rule 32.2(c)(1)(A) of the Federal Rules of Criminal Procedure permits courts to dispose of such petitions prior to any hearing "on motion . . . for lack of standing, for failure to state a claim, or for any other lawful reason."  Fed. R. Crim. P. 32.2(c)(1)(A).  Courts treat motions to dismiss § 853(n) petitions pursuant to Rule 32.2(c)(1)(A) as motions to dismiss a civil complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.  Willis Mgmt. (Vermont) Ltd. v. United States, 652 F.3d 236, 241 (2d Cir. 2011).  That is, the petition "must plead 'enough facts to state a claim for relief that is plausible on its face.'"  Patane v. Clark, 508 F.3d 106, 111–12 (2d Cir. 2007) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S.Ct. 1955, 1964–65 (2007)).  The Court must accept all material facts alleged in the petition as true and construe all reasonable inferences in favor of the Petitioner.  Grandon v. Merrill Lynch & Co., 147 F.3d 184, 188 (2d Cir. 1998).

DISCUSSION

Although Petitioner purports to bring her challenge under 21 U.S.C. § 853(n), her Petition is not framed in the terms permitted by that statute.  Instead, she attempts to circumvent the § 853(k) bar against third-party intervention by arguing that the property in the Subject Accounts "is not offense property and thus is subject to forfeiture as substitute property only if the government's interest vested prior to the time Petitioner's or PMD [Investment LLC's]

3

interests vested." (Petitioner's Memorandum of Law in Opposition ("Opp."), ECF No. 869 at 1.) As discussed below, Petitioner lacks standing under both § 853(n) and her stated theory.

### A.  **Petitioner's Standing to Challenge Forfeitability**

The thrust of Petitioner's claim—indeed, her only stated argument on this motion—is that her interest in the property contained in the Subject Accounts vested prior to the Government's because the Government never established "the requisite nexus between the property and the offense" necessary to show that the property constitutes "offense proceeds." Fed. R. Crim. P. 32.2(b)(1)(A).  Thus, Petitioner argues, the money is in fact "substitute property" rather than "offense property."  21 U.S.C. § 853(a), 853(p).  This is a crucial distinction for Petitioner because the Government's interest in "offense property" vests at the time of the acts giving rise to the forfeiture proceeding (which in this case would be 1994, when Paul Daugerdas's fraudulent scheme began).  See 21 U.S.C. § 853(c).  It is less clear when the Government's interest in substitute property vests, although at least one court in this district has held that vesting does not occur until a grand jury returns an indictment.  See United States v. Peterson, 820 F. Supp. 2d 576, 585 (S.D.N.Y. 2011) (concluding that "the government's interest in substitute assets vests upon the issuance of the grand jury indictment").  Because Petitioner's own interest in the Subject Accounts vested between February 2000 and July 2009—well after the acts leading to the forfeiture, but before the initial Indictment—the classification of these assets as "offense" or "substitute" property is critical to the viability of her claim.

Vital as these arguments may be to Petitioner's claim for relief, she lacks standing to bring them.  It is "well settled that [21 U.S.C. §] 853(n) provides the exclusive means by which a third party may lay claim to forfeited assets—after the preliminary forfeiture order has been entered."  DSI Associates LLC v. United States, 496 F.3d 175, 183 (2d Cir. 2007).  The

statutory bar against third-party intervention in criminal forfeiture proceedings compels this conclusion.  See 21 U.S.C. § 853(k); United States v. Fabian, 764 F.3d 636, 638–39 (6th Cir. 2014) ("Congress has expressly limited the extent to which third parties . . . can participate in the forfeiture process.  Specifically, under § 853(k), a third party 'claiming an interest in property subject to forfeiture' cannot 'intervene in a trial or appeal of a criminal case involving forfeiture of such property.'")  Furthermore, a district court "must enter" a preliminary order of forfeiture "without regard to any third party's interest in the property."  Fed. R. Crim. P. 32.2(b)(2)(A).

It is similarly well-settled that third parties may not challenge the underlying determination of forfeitability in an ancillary forfeiture proceeding.  As the Advisory Committee Note to the 2000 adoption of Rule 32.2(b)(2)(A) makes clear, the ancillary proceeding "does not involve relitigation of the forfeitability of the property; its only purpose is to determine whether any third party has a legal interest in the forfeited property."  See also Fabian, 764 F.3d at 638 ("[L]ike every circuit to have reached the issue, we hold that third parties lack statutory standing to challenge a district court's determination, in a preliminary order entered under Criminal Rule 32.2(b)(2), that certain property is subject to forfeiture.")  The Eleventh Circuit distilled the statutory scheme succinctly: "[I]f the forfeited property really belongs to the third party, she can prevail and recover her property during the ancillary proceeding whether there were defects in the criminal trial or the forfeiture process or not; and if the property does not belong to the third party, such defects in the finding of forfeitability are no concern of [hers]."  United States v. Davenport, 668 F.3d 1316, 1321 (11th Cir. 2012) (internal quotations omitted).

Petitioner maintains that she has a constitutional and statutory standing to challenge this Court's finding that the property in the Subject Accounts constituted offense proceeds.  This argument fails not because Petitioner lacks standing altogether, but rather

because she conflates the standing she possesses with the standing that her husband Paul Daugerdas possessed as the criminal defendant in the forfeiture proceeding. The argument that the funds in the Subject Accounts lacked the requisite nexus to Defendant's fraud "and thus were not subject to forfeiture . . . is not [hers] to make"—it was Paul Daugerdas's, as he was the criminal defendant subject to the forfeiture order. <u>Fabian</u>, 764 F.3d at 637.

This Court has previously ruled on the forfeitability of this property twice, and the Second Circuit affirmed the forfeitability finding on Defendant's appeal. See <u>United States v. Daugerdas</u>, 837 F.3d 212, 231 (2d Cir. 2016) ("[T]he district court did not clearly err in concluding that the funds located in Daugerdas's various accounts were the proceeds of his frauds."). Petitioner has no constitutional right to stand in her husband's shoes at this juncture and re-assert the due process claims that he has already litigated here and in the Second Circuit. Accordingly, Petitioner's challenge to this Court's determination of forfeitability fails for lack of standing.

B. **Petitioner's Standing Under 21 U.S.C. § 853(n)**

To examine the claims that third parties asserting an interest in forfeited property <u>do</u> have constitutional standing to bring, this Court looks to the statute which the Petitioner invokes. There are two methods by which a third party can state a claim to amend a forfeiture order under § 853(n). First, a petitioner can show that she "has a legal right, title or interest in the property . . . [that] was vested in the petitioner rather than the defendant or was superior to any right, title, or interest of the defendant at the time of the commission of the acts which gave rise to the forfeiture of the property under this section." 21 U.S.C. § 853(n)(6)(A). Alternatively, a petitioner could prove that she was "a bona fide purchaser for value of the right, title, or interest in the property and was at the time of purchase reasonably without cause to

believe that the property was subject to forfeiture under this section." 21 U.S.C. § 853(n)(6)(B). The Government argues that Petitioner lacks standing because she cannot show that she is entitled to relief under either subsection; as the Petition acknowledges, she obtained title to the property in the Subject Accounts years after the fraud began and did not purchase any of the property for value.

As an initial matter, the Government is incorrect to the extent that it claims that Petitioner lacks Article III standing to bring this claim. In the context of a forfeiture proceeding, "any colorable claim on the property suffices" to confer constitutional standing on the third party so long as "the claim of injury is 'redressable, at least in part, by a return of the property.'" United States v. Emor, 785 F.3d 671, 676 (D.C. Cir. 2015) (quoting United States v. 7725 Unity Ave. N., 294 F.3d 954, 957 (8th Cir. 2002). Because "the seizure of property without due process is the quintessential injury, it is sufficient, for constitutional purposes," for Petitioner to claim that "property was taken by the government through forfeiture . . . [that she] was excluded from the forfeiture proceedings; and [that her] injury is redressable through an amendment of the forfeiture order." Emor, 785 F. 3d at 676 (citing Lujan v. Defenders of Wildlife, 504 U.S. 555, 560–61 (1992)). Petitioner has alleged that she has an ownership interest in the property forfeited to the Government under the Forfeiture Order and thus she has Article III standing to bring this petition.

Petitioner's claim fails, however, at the statutory standing inquiry. As the Supreme Court recently noted, the term "statutory standing" itself is slightly "misleading" in the sense that "the absence of a valid (as opposed to arguable) cause of action does not implicate subject-matter jurisdiction, i.e., the court's statutory or constitutional power to adjudicate the case." Lexmark Int'l, Inc. v. Static Control Components, Inc., 134 S.Ct. 1377, 1387 n.4 (2014)

7

(quoting Verizon Md. Inc. v. Public Serv. Comm'n of Md., 535 U.S. 635, 642–643 (2002).). "Instead, statutory standing is nothing more than an inquiry into whether the statute at issue conferred a 'cause of action' encompassing 'a particular plaintiff's claim.'" Emor, 785 F.3d at 677 (quoting Lexmark, 134 S.Ct. at 1387). Stated more simply, statutory standing "is itself a merits issue." United States v. Oregon, 671 F.3d 484, 490 n.6 (4th Cir. 2012).

In the context of a § 853(n) petition, it is a showing of a "right, title, or interest" under § 853(n)(6) that confers statutory standing. As the Second Circuit has held, "§ 853(n)(6)'s reference to 'a right, title, or interest in the property' . . . [is] the same as § 853(n)(2)'s requirement of 'a legal interest in the property,' which is necessary for standing." United States v. Ribadeneira, 105 F.3d 833, 835 (2d Cir. 1997) (per curiam). Put another way, § 853(n)(2) is the provision that confers standing (and therefore the right to a hearing) on a person "asserting a legal interest" in the forfeited property, but the petitioner must first plead facts sufficient to show that she is such a person—i.e. that she fits within § 853(n)(6)(A) or (B).

Here, Petitioner can make no such showing.[2] The facts alleged in the petition, taken as true for the purposes of this motion, make it clear that the earliest Petitioner obtained an ownership interest in any of the property in the Subject Accounts was February 3, 2000. (See Petition at 5.) Because this Court found that the funds in the Subject Accounts constitute offense proceeds of Defendant's fraud, the Government's interest in the funds vested "upon commission of the act giving rise to forfeiture." 21 U.S.C. § 853(c). According to the Indictment, the Government has had a vested interest in the contents of the Subject Accounts since "at least in or about 1994." (See S6 Indictment at 7.) Thus, because the Government's interest predates

---

[2] The petition pleads no facts suggesting that Petitioner was a bona fide purchaser for value of the Subject Accounts, and Petitioner's briefing does not argue that she is entitled to relief under § 853(n)(6)(B). Accordingly, this analysis focuses on Petitioner's standing pursuant to § 853(n)(6)(A).

8

Petitioner's by at least six years, Petitioner cannot state a claim for recovery under § 853(n)(6)(A).

Petitioner's argument—that her interest is superior to the Government's because the accounts are substitute property, not offense property—misses the mark precisely because she did not obtain a vested interest until <u>after</u> Paul Daugerdas committed his fraud and thereby created a vested interest in favor of the Government from the date of that scheme. On this point, <u>United States v. Emor</u>, cited heavily by Petitioner, is instructive. In that case the defendant, the founder of a private school called SunRise, diverted funds to himself from the school by convincing the SunRise board to invest in a sham for-profit company called Core Ventures. <u>See Emor</u>, 785 F.3d at 673. Following Emor's prosecution for mail and wire fraud, SunRise sought an ancillary forfeiture hearing to recover the $2 million it had invested in Core Ventures, claiming that it was the owner of the forfeited funds. <u>See Emor</u>, 785 F.3d at 674. In reversing the district court's dismissal of SunRise's petition, the D.C. Circuit held that SunRise had stated a claim for relief (and thus its entitlement to a hearing) "when it alleged [that] the Forfeited Property at all times remained the property of SunRise Academy." <u>Emor</u>, 785 F.3d at 678.

The <u>Emor</u> court noted that § 853(c) "targets the perpetrator's interests downstream from the crime, not the upstream interests of the victim." 785 F.3d at 678–79. That is to say, the vesting statute is not designed "to defeat a victim's property interest," but rather to prevent the criminal defendant from insulating offense proceeds from forfeiture by transferring those proceeds to third parties. <u>Emor</u>, 785 F.3d at 678. If a third-party petitioner can show that the defendant never in fact had title to the property at the time of the offense—as SunRise could by arguing that the funds were stolen—then the petitioner should have no trouble recovering under § 853(n)(6). Here, Petitioner can make no such showing because it is beyond dispute that

9

the Government's interest in the Subject Accounts vested once the fraud began in 1994, well before Paul Daugerdas began to transfer money to Petitioner's accounts in February 2000. Accordingly, Petitioner lacks statutory standing to bring this claim.

## CONCLUSION

Petitioner Eleanor Daugerdas's motion to amend her Petition is granted, and the Government's motion to dismiss the Amended Petition is granted.  This proceeding is dismissed. The Clerk of Court is directed to close the motions pending at ECF Nos. 866 and 870.

Dated: March 20, 2017
       New York, New York

SO ORDERED:

_____
WILLIAM H. PAULEY III
U.S.D.J.